**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

RICHARD R. MARTINEZ,

        Plaintiff,

v.                                                                                       No. Civ. 06-1201 LH/RHS

JARED BLACKBURN and
HYUNDAI MOTOR AMERICA,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On September 14, 2007, Defendants Jared Blackburn and Hyundai Motor America ("Defendants") filed a Motion for Summary Judgment (Doc. 17). The Court, having considered the motion, briefs, evidence, and applicable law, concludes that the motion should be granted because the applicable statute of limitations expired prior to the date when Plaintiff Richard Martinez ("Plaintiff") filed this lawsuit.

**I.    BACKGROUND**

On October 16, 2002, Plaintiff's son, John Paolo Martinez, was a front seat passenger in a Hyundai Elantra. Defs.' Mot. for Summ. J., Undisputed Fact ("UF") ¶ 1. At an intersection, another vehicle struck the Elantra on the front and left front portion of the vehicle. *Id.*, UF ¶ 2.

Shortly after the collision, Plaintiff informed Hyundai Motor America ("HMA") concerning the failure of its air bag to protect Plaintiff's son during the accident, and he attempted to negotiate a settlement with HMA over a series of correspondences. *See* Attach. to Compl. (Doc. 1). On November 19, 2002, Plaintiff wrote a letter to HMA notifying it of Plaintiff's allegations that "upon impact the air bag in the front passenger side inflated straight up hitting the windshield first and

ruptured the air bag before landing deflated on our son." *See* Nov. 19, 2002 letter attached to Compl.  By letter dated December 1, 2002, Plaintiff informed HMA that his son's air bag "did not protect him after the impact, having deployed and torn before it came to rest on him," that his son's brain was "rattled" during the October 16, 2002 collision, and that, since then, his son had been under close medical supervision.  *See* Dec. 1, 2002 letter attached to Compl.  After additional intervening correspondence, by letter dated August 4, 2005, Timothy R. McAndrews, the Consumer Affairs Operations Manager for HMA, notified Plaintiff that "[w]e regret that our efforts to informally resolve your dispute regarding your October 2002 accident have not achieved a resolution. . . . To the extent you intend to pursue this matter further, we remind you of your duty to preserve the subject vehicle for future evidentiary purposes and that any alterations of the vehicle could result in claims for spoliation of evidence."  *See* Aug. 4, 2005 letter attached to Compl.

On December 8, 2006, Plaintiff, who is proceeding pro se, filed a complaint against Defendants in the United States District Court for the District of New Mexico.  *See* Compl. (Doc. 1). Although the form complaint is entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," Plaintiff alleged a products liability claim for injuries to his son, John Paolo Martinez, arising out of the October 16, 2002 accident.  *See id.*  Specifically, Plaintiff alleged the following:

> Briefly, our auto was involved in an accident (no fault of ours).  Our handicapped son was sitting on right passenger front seat.  On impact (on driver[']s side) the air-bag[] did not deploy properly due to the fact that it was defective with a 4" to 5" slash on it, therefore it did not protect our son.  The entire right side was demolished and he landed on the floor-board after he hit the windshield . . . .

*Id.* at 2-3.

On September 14, 2007, Defendants filed a motion for summary judgment on three grounds: (1) the applicable statute of limitations expired prior to the filing of this lawsuit; (2) Plaintiff cannot

establish a defect in the Hyundai Elantra that created or enhanced his son's injuries sufficient to establish a genuine issue of fact for trial; and (3) assuming Plaintiff is bringing a § 1983 claim, Plaintiff cannot establish that Defendants are a governmental entity acting under color of state law. Although Plaintiff did not file a timely response to the motion, the record indicated that Plaintiff wished to use a confidential settlement letter dated September 22, 2007, to United States Magistrate Judge Robert H. Scott as his response to the motion. By letter dated March 5, 2008, Judge Scott asked Plaintiff for written instructions as to whether he wished the September 22, 2007 confidential settlement letter to function as his response to the motion. Judge Scott cautioned Plaintiff, however, that "[t]his letter is not responsive to the motion for summary judgment but if Mr. Martinez wishes me to file it as a pleading for that purpose I will do so upon his written instructions." By letter dated March 7, 2008, Plaintiff informed Judge Scott that "my letter serves as response to respondent's attorneys filing of motion" and gave instructions that "you file it as a pleading for summary judgment." *See* Mar. 7, 2008 letter (Doc. 20, filed Mar. 11, 2008). The letter was then filed as Plaintiff's response. *See* Resp. (Doc. 22, filed Mar. 28, 2008). Defendants filed a reply on April 15, 2008 (Doc. 23).

> As relevant here, Plaintiff's response states the following:
>
> I commenced proceedings with Hyundai Motor America (HMA). One week after the accident per instructions from Southwest Hyundai-Albuquerque. They gave me information for contacting the proper department at headquarters. Upon contacting them, I was assigned a claim number immediately . . . . and the proceedings began on October 23, 2002. Negotiations were started as a <u>PRODUCT LIABILITY</u> matter and/or component(s) defects and malfunctions. Today, the suit remains a <u>Product Liability case.</u>
>
> . . . .
>
> We did not know or were aware that there was a statu[t]e of limitations of three (3) years in which to file the suit. A person sees in newspapers and TV news

3

> of suits being filed many years after the fact. I believe we just took it for granted, however the Hyundai attorneys began biding for time. They would not correspond with me whatsoever between the second and third year. Once the time limitation elapsed they very sarcastically wrote to inform me that the statute of three years has elapsed and that I needed to drop the case altogether. That it was a lost cause.

Resp. (Doc. 22) at 1.

**II.     STANDARD**

Summary judgment is appropriate only if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* (internal quotations omitted). Under Rule 56(c), the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, only disputes of facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Id.* at 248.

Initially, the moving party bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial. *Id.* The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.*; *Kaus v. Standard Ins. Co.*, 985 F.Supp. 1277, 1281 (D. Kan. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). There is no issue for trial unless there

is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *See Anderson*, 477 U.S. at 248.

**III.     ANALYSIS**

In New Mexico, "[a]ctions must be brought . . . for an injury to the person . . . within three years."  N.M. Stat. Ann. § 37-1-8.  This three-year statute of limitations applies to personal injuries arising in product liability cases.  *See Sawtell v. E.I. Du Pont De Nemours & Co.*, 22 F.3d 248, 249 (10th Cir. 1994); *Martinez v. Showa Denko, K.K.*, 1998-NMCA-111, ¶ 19, 125 N.M. 615.  Generally, for personal injury cases, this statute of limitations begins to run from the time the injury manifests itself in a physically objective manner and is ascertainable.  *See Crumpton v. Humana, Inc.*, 99 N.M. 562, 563 (1983).  Where, however, an individual has been injured by a defective product and the resulting injury does not immediately manifest itself, the three-year statute of limitations commences when a plaintiff knows, or reasonably should know through diligent inquiry, that he has been injured.  *Martinez*, 1998-NMCA-111, ¶ 19.

According to Plaintiff's complaint, his son hit the windshield of the vehicle during the October 16, 2002 collision.  Plaintiff admits in his response that he contacted HMA one week after the accident to begin negotiations for a product liability case.  As the attachments to his complaint reveal, Plaintiff informed HMA on November 19, 2002, that the air bag ruptured during the accident, and by letter dated December 1, 2002, Plaintiff informed HMA that his son was injured when the air bag did not deploy as it should have.  Based on the record, reasonable minds could not differ that Plaintiff knew that the cause of his son's injuries was due to the use of an allegedly defective air bag on October 16, 2002, the date of the collision when the air bag allegedly did not deploy correctly, or in any event no later than a week after the accident when Plaintiff began negotiations with HMA

regarding his product liability case. Plaintiff thus filed this lawsuit more than a year after the three-year statute of limitations expired.

Plaintiff's arguments that he did not know about the statute of limitations and that Defendants stalled in settlement negotiations are not sufficient justifications for tolling the statute. Plaintiff has not shown any evidence that Defendants acted fraudulently or made any misrepresentations. To the contrary, Defendants confirmed that a settlement could not be reached by letter to Plaintiff dated August 4, 2005, before the statute of limitations would have run. *See Crumpton*, 99 N.M. at 563 (rejecting argument that statute of limitations should be tolled during time when parties were negotiating settlement where defendants did not fraudulently lead plaintiff to believe that case would be settled at future date and defendants sent plaintiff letter making final offer for compromise before running of statute).

Statutes of limitations serve the policy goals of suppressing stale or fraudulent claims and encouraging plaintiffs to bring suits while the evidence is still available and fresh. *See Roberts v. Southwest Community Health Serv.*, 114 N.M. 248, 256 (1992). Because the statute of limitations ran on Plaintiff's claims before he filed this lawsuit, Plaintiff's claims must be dismissed.[1]

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 17) is **GRANTED**.

---

[1] Although the title of Plaintiff's form complaint states that it is brought "pursuant to 42 U.S.C. § 1983," Plaintiff's complaint cannot be construed as alleging a cause of action under § 1983, as Plaintiff failed to allege facts that a person acting under color of law deprived Plaintiff or his son of any federal constitutional or statutory rights. *See* 42 U.S.C. § 1983. Because the Court's ruling on the statute of limitations issue results in summary judgment in favor of Defendants on Plaintiff's claims, the Court need not consider Defendants' alternative arguments.

_____
SENIOR UNITED STATES DISTRICT JUDGE